**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FIDEL GARCIA GARCIA,

     Petitioner,

v.

WARDEN, Torrance County Detention Facility; MARY DE ANDA-YBARRA, Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

     Respondents.

Case No. 1:26-cv-01515-MIS-SCY

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Fidel Garcia Garcia's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 12, 2026.  Petitioner is a citizen of Mexico who has resided in the United States since approximately 2010.  Id. ¶ 51.  He has four U.S. citizen children.  Id. ¶ 54.

On November 3, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner in Florida and later transferred him to the Torrance County Detention Facility in Estancia, New Mexico, where he is currently detained.  Id. ¶ 52.

On May 12, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody or provide him a bond hearing pursuant to 8 U.S.C. § 1226(a).  Id. at 18.

On May 13, 2025, the Court issued an Order to Show Cause, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 2. The Order reminds Respondents "that this Court has already decided the issues that appear to be presented by the Petition and granted the relief Petitioner requests here." Id. (citations omitted). As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings." Id.

On May 27, 2026, the Federal Respondents filed a Response to the Petition. ECF No. 5. Therein, counsel for Respondents argues that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A), but acknowledges that this Court "has reached the opposite conclusion in numerous other cases[,]" id. at 1 (citations omitted). Respondents further acknowledge that "this Court's decision in these cases would control the outcome of this case should the Court chose to continue to follow its reasoning in those decisions[,]" as "[t]he facts presented in this matter are not materially distinguishable from the facts presented in those cases for the purpose of the Court's decision on this legal issue." Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's

continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Fidel Garcia Garcia from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3